FILED'06 AUG 14 13:12USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JP MORGAN CHASE BANK,
        Plaintiff,

v.

DENNIS-LANE: WORTHEN aka
DENNIS WORTHEN, and ALL
OCCUPANTS,
        Defendants.

CV. 06-1060-PK

OPINION AND
ORDER OF
SUMMARY REMAND

PAPAK, Magistrate Judge:

      Before this court is pro se defendant Dennis Worthen's notice of removal which was filed on July 25, 2006. The underlying action in this matter was a complaint in Multnomah County Circuit Court for unlawful detainer filed after plaintiff JP Morgan Chase Bank ("JP Morgan") foreclosed on the defendant's property in Gresham, Oregon, and Worthen refused to

Page 1 - ORDER

relinquish it.

On July 13, 2006, JP Morgan filed an eviction notice post foreclosure against Worthen and other occupants of the property in question. On the same date, Worthen filed an answer denying that JP Morgan was entitled to possession of the property based on his assertion that JP Morgan had no equitable interest in the property and was not entitled to bring a foreclosure action and eviction. The matter was set for trial in Multnomah County Circuit Court on July 26, 2006. On July 25, 2006, Worthen filed a notice of removal to this court, including a one paragraph statement alleging jurisdiction based on federal statutes.[1] Because it appears from the face of the notice that removal should not be permitted, this case is remanded to Multnomah County Circuit Court.

No federal claims are presented by JP Morgan's claims herein. Although Worthen challenges the complaint on constitutional grounds, the Supreme Court has noted that "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987); see also Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (explaining that a defendant can not open the federal forum simply by raising a constitutional argument in defense of an action brought in state court).

Remand to state court is appropriate in this case. Under 28 U.S.C. § 1446(c)(4), "[i]f it clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that

---

[1] Worthen's reference to federal law as grounds for removal mentions the Fair Debt Collection Practices Act and the Truth in Lending Act as potential defenses to JP Morgan's eviction action.

Page 2 - ORDER

removal should not be permitted, the court shall make an order for summary remand." This court "must have original jurisdiction of an action in order to grant removal from state court." <u>Faust v. American Red Cross, Santa Clara Valley Chapter (Blood Center)</u>, 773 F. Supp. 1380, 1381 (N.D. Cal. 1991), quoting 28 U.S.C. § 1441. It is clear from Worthen's filing that he relies on federal law rather than diversity to support removal and establish jurisdiction in federal court.[2] However, no federal claims were asserted against Worthen, and nothing Worthen submitted indicates that this action is removable. Real property post foreclosure eviction actions under state law are properly heard in state court. This case is remanded to Multnomah County Circuit Court. Pending motions including JP Morgan's Motion for Order of Remand (#6) and Worthen's Application to Proceed without Prepayment of Fees and Affidavit (#1) are denied as moot.

Dated this 14th of August, 2006.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

---

[2] JP Morgan also alleges that the amount in controversy does not satisfy the $75,000 minimum for diversity jurisdiction.

Page 3 - ORDER