FILED'07 JAN 03 16:52 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JP MORGAN CHASE BANK,
        Plaintiff,

CV. 06-1060-PK

FINDINGS AND RECOMMENDATION

v.

DENNIS-LANE: WORTHEN aka
DENNIS WORTHEN, and ALL
OCCUPANTS,
        Defendants.

PAPAK, Magistrate Judge:

On August 14, 2006, this court issued an Opinion and Order of Summary Remand, remanding this case to state court (#13). Pro se defendant Dennis Worthen ("Worthen") appealed the order to the Ninth Circuit Court of Appeals. On December 26, 2006, the Ninth Circuit found that I did not have full consent of the parties, and therefore lacked jurisdiction to enter an order of

Page 1 - FINDINGS AND RECOMMENDATION

summary remand (#19). Pursuant to 28 U.S.C. § 1631, the Ninth Circuit transferred this case back to the district court for further proceedings. Without amending my reasoning or conclusion as to the disposition of this case, I now issue this Findings and Recommendation to be referred to an Article III judge in accordance with the scheduling order set forth below.

Before this court is pro se defendant Dennis Worthen's notice of removal which was filed on July 25, 2006. The underlying action in this matter was a complaint in Multnomah County Circuit Court for unlawful detainer filed after plaintiff JP Morgan Chase Bank ("JP Morgan") foreclosed on the defendant's property in Gresham, Oregon, and Worthen refused to relinquish it.

On July 13, 2006, JP Morgan filed an eviction notice post foreclosure against Worthen and other occupants of the property in question. On the same date, Worthen filed an answer denying that JP Morgan was entitled to possession of the property based on his assertion that JP Morgan had no equitable interest in the property and was not entitled to bring a foreclosure action and eviction. The matter was set for trial in Multnomah County Circuit Court on July 26, 2006. On July 25, 2006, Worthen filed a notice of removal to this court, including a one paragraph statement alleging jurisdiction based on federal statutes.[1] Because it appears from the face of the notice that removal should not be permitted, this case should be remanded to Multnomah County Circuit Court.

No federal claims are presented by JP Morgan's claims herein. Although Worthen challenges the complaint on constitutional grounds, the Supreme Court has noted that "a

---

[1] Worthen's reference to federal law as grounds for removal mentions the Fair Debt Collection Practices Act and the Truth in Lending Act as potential defenses to JP Morgan's eviction action.

Page 2 - FINDINGS AND RECOMMENDATION

defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987); see also Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (explaining that a defendant can not open the federal forum simply by raising a constitutional argument in defense of an action brought in state court).

Remand to state court is appropriate in this case. Under 28 U.S.C. § 1446(c)(4), "[i]f it clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." This court "must have original jurisdiction of an action in order to grant removal from state court." Faust v. American Red Cross, Santa Clara Valley Chapter (Blood Center), 773 F. Supp. 1380, 1381 (N.D. Cal. 1991), quoting 28 U.S.C. § 1441. It is clear from Worthen's filing that he relies on federal law rather than diversity to support removal and establish jurisdiction in federal court.[2] However, no federal claims were asserted against Worthen, and nothing Worthen submitted indicates that this action is removable. Real property post foreclosure eviction actions under state law are properly heard in state court.

///

///

///

///

---

[2] JP Morgan also alleges that the amount in controversy does not satisfy the $75,000 minimum for diversity jurisdiction.

Page 3 - FINDINGS AND RECOMMENDATION

## CONCLUSION

This case should be remanded to Multnomah County Circuit Court. Pending motions including JP Morgan's Motion for Order of Remand (#6) and Worthen's Application to Proceed without Prepayment of Fees and Affidavit (#1) should be denied as moot.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due January 19, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 3rd of January, 2007.

_____
Honorable Paul Papak
United States Magistrate Judge